**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony Scott DRAKE, Defendant–
Appellant.**

No. 94–30209.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 1995 *.

Decided March 17, 1995.

ed of a crime. His inability to depart this country was of his own making.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, OR, for defendant-appellant.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Fred N. Weinhouse, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must reconcile an apparent conflict between a mandatory minimum sentence statute and the United States Sentencing Guidelines provisions for concurrent sentencing.

## I

In a state proceeding, Anthony Drake was sentenced to sixty-six months in an Oregon prison for his participation in an armed robbery in which a .380 SPP semi-automatic handgun was used.

Shortly after Drake began serving his state sentence, a federal grand jury indicted him on two counts of being a felon in possession of a firearm. Drake ultimately pled guilty to possession of the handgun used in the Oregon robbery, in violation of 18 U.S.C. § 922(g). Because Drake had previously been convicted of three violent felonies, his plea of guilty to the section 922(g) offense rendered him subject to a mandatory minimum 180–month sentence under 18 U.S.C. § 924(e)(1). With this in mind, Drake and the government agreed that a sentence of 188 months would be appropriate.

At sentencing, Drake argued that, in light of U.S.S.G. § 5G1.3(b), the federal sentence should be imposed to run concurrently to his state sentence. In relevant part, section 5G1.3(b) provides that where a federal sentence is imposed on a defendant who is subject to an undischarged term of imprisonment,

.[i]f ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

Reasoning that his armed robbery—the premise for his state sentence—had been fully considered in the determination of his federal sentence,[1] Drake concluded that section 5G1.3(b) applied.

Further, Drake contended that his federal sentence should be adjusted to reflect the time that he had served in state prison. In support of his argument, Drake cited Application Note 2 to section 5G1.3,[2] which provides:

When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense.[3]

U.S.S.G. § 5G1.3, comment. (n. 2) (Nov. 1993). As Drake had served 12 months of his state sentence at the time of the federal sentencing proceeding, such reduction would result in a federal sentence of 176 months—188 months less 12 months.

The district court agreed that the sentences should run concurrently. However, the court was troubled by the fact that to credit Drake's state sentence against his federal one would reduce his federal sentence below the mandatory 180–month minimum required by 18 U.S.C. § 924(e)(1). Concerned that it lacked authority to depart below the mandatory minimum, the court concluded that "this is a matter for the Bu-

---

1. Because Drake admitted that he possessed a handgun which was used in connection with an armed robbery, his federal sentence was increased by four levels pursuant to Guideline 2K2.1(b)(5). *See* U.S.S.G. § 2K2.1(b)(5) (Nov. 1993) (requiring a four level increase where a defendant used or possessed a firearm in connection with another felony offense).

2. Commentary to the Sentencing Guidelines is binding on the federal courts. *See Stinson v.*

United States, — U.S. —, ——–——, 113 S.Ct. 1913, 1917–18, 123 L.Ed.2d 598 (1993).

3. Application Note 2 presumes that time served for a state sentence is to be credited toward a defendant's federal sentence where the conduct underlying an undischarged state term of imprisonment has been fully taken into account in calculating the defendant's offense level. *See* U.S.S.G. § 5G1.3, comment. (n. 2) (Nov. 1993).

reau of Prisons. An application can be made there ... because I do not feel I have the power to depart downward nor do I have the power to determine credit at this time." The court then imposed a sentence of 188 months.

Drake timely appealed.

## II

■ We must first address whether the district court may properly refer the matter to the Bureau of Prisons for resolution. Credit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b).[4] *See United States v. Wilson*, 503 U.S. 329, 332–36, 112 S.Ct. 1351, 1354–55, 117 L.Ed.2d 593 (1992). Nevertheless, we see no reason why the principles underlying *Wilson* would apply to this case. Here, Drake seeks to invoke a Guidelines provision to reduce his federal sentence. The applicability of a Guidelines provision is a question for the sentencing court. *See United States v. Kiefer*, 20 F.3d 874, 876 (8th Cir.1994) ("[W]e find nothing in *Wilson* suggesting that the Attorney General's authority under § 3585(b) limits a sentencing court's power to apply § 5G1.3 of the Guidelines.").

Indeed, as the Court in *Wilson* explained, "[a]fter a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." *Wilson*, 503 U.S. at 335, 112 S.Ct. at 1355 (emphasis added). Such language presumes that the district court will first sentence the offender—applying the relevant Sentencing Guidelines—before credit determinations shall be made by the Bureau of Prisons.

Application of section 5G1.3(b) is a matter for the court, not the Bureau, to decide.

## III

As to the merits, 18 U.S.C. § 924(e)(1) requires that a defendant with three prior

violent felonies who violates section 922(g) be "imprisoned not less than fifteen years." Yet if Drake's interpretation is correct, the federal sentence imposed will fall below this mandatory minimum. We thus must determine whether Drake's state sentence constitutes "imprisonment" for the purposes of 18 U.S.C. § 924(e)(1) such that the total sentence served will satisfy the mandatory minimum.

■ The Eighth Circuit confronted precisely this issue in *United States v. Kiefer*, 20 F.3d 874 (8th Cir.1994), and its reasoning is persuasive. The *Kiefer* court began by recognizing that, in certain circumstances, time served prior to sentencing can reduce the ultimate sentence imposed under 18 U.S.C. § 924(e)(1). For example, a defendant who has spent time in "official detention" prior to the commencement of a section 924(e)(1) mandatory minimum sentence may obtain a sentence credit for time served, pursuant to 18 U.S.C. § 3585(b). This suggests that "in appropriate circumstances time served in custody prior to the commencement of the mandatory minimum sentence is time 'imprisoned' for purposes of § 924(e)(1)." *Id.* at 876.

■ But is time served in state prison on a separate, albeit related, offense such an "appropriate" circumstance? An analysis of the relation between the concurrent sentencing statutes and the statutory mandatory minimums persuades us that it is. As the *Kiefer* court recognized, section 924(e)(1) was enacted after the Sentencing Reform Act, 18 U.S.C. § 3551 et seq. Under the terms of the Act, the district court must exercise its discretion to determine whether the sentence ultimately imposed should be concurrent or consecutive to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584. In determining whether to impose a concurrent or consecutive term, 18 U.S.C. § 3584(b) directs the sentencing court to consider, among other factors, "the kinds of sentence ... set

---

4. 18 U.S.C. § 3585(b) provides:
   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
   (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

forth in the guidelines." 18 U.S.C. § 3553(a)(4). Thus, to implement section 924(e)(1) properly, sentencing courts must incorporate the Sentencing Guidelines into the ultimate sentence imposed.[5] Without a doubt, "[s]ection 5G1.3 is part of that sentencing regime." *Kiefer*, 20 F.3d at 876.

In order to harmonize the statutory mandatory minimum with the remainder of the sentencing scheme, we construe 18 U.S.C. § 924(e)(1) to require the court to credit Drake with time served in state prison. To hold otherwise would "frustrate the concurrent sentencing principles mandated by other statutes." *Id.* at 877.

For this reason, we conclude that the district court indeed was required to reduce Drake's mandatory minimum sentence for the time Drake served in Oregon prison. We thus vacate the sentence and remand for resentencing.

VACATED and REMANDED.

---

5. In contrast, when Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear. *See, e.g.,* 18 U.S.C. § 924(c)(1) ("Notwithstanding any other provision of law ... the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment.").