65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard James GIAKOVMIS, Defendant-Appellant.
 No. 94-30166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 10, 1994.*
Decided Aug. 21, 1995.
 
 Before: BEEZER and HAWKINS, Circuit Judges, and TEVRIZIAN, District Judge.**
 MEMORANDUM***
 Richard James Giakovmis pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Giakovmis contends that the district court erred in calculating his base offense level. He also argues that the district court erred in failing to adjust his sentence for time served. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231, and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm in part, reverse in part and remand.
 * The conduct that gave rise to the offenses occurred in January, March and April of 1992. At that time, state assault charges were pending against Giakovmis. On September 20, 1993, Giakovmis pleaded guilty in state court to third degree assault. He was sentenced on the state assault conviction after the federal sentencing.
 Giakovmis pleaded guilty to the section 922(g) violations in federal court on January 13, 1994. At the time of the federal sentencing, the district judge considered the state assault conviction to be a prior felony conviction for a crime of violence under U.S.S.G. Sec. 2K2.1(a)(4). Giakovmis was sentenced to a term of 63 months imprisonment and three years of supervised release. The district court ordered his sentence to run concurrently to the future state sentence on the assault conviction. The district court did not credit Giakovmis' sentence for time served.
 II
 The district court's determination that Giakovmis had a prior felony conviction for a crime of violence requires an interpretation of the Guidelines and is reviewed de novo. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991).
 Section 2K2.1(a)(4) provides a base offense level of 20 where the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense." Application note 5 provides,
 "Crime of violence, "controlled substance offense," and "prior felony conviction(s)," are defined in Sec. 4B1.2 (Definitions of Terms Used in Section 4B1.1), subsection (1) and (2), and Application Note 3 of the Commentary, respectively. For purposes of determining the number of such convictions under subsections (a)(1), (a)(2), (a)(3), and (a)(4)(A), count any such prior conviction that receives any points under Sec. 4A1.1 (Criminal History Category).
 U.S.S.G. 2K2.1 cmt n. 5. Giakovmis argues that his state conviction was neither a prior felony conviction nor a crime of violence for the purposes of section 2K2.1(a)(4)(A).
 * In determining whether a conviction qualifies as a prior conviction for the purposes of section 2K2.1, the commentary is quite clear. The sentencing court is to consider application note 3 to section 4B1.2 for a definition and the criminal history guidelines to determine the number of prior convictions. In accordance with section 4B1.2, application note 3, a "prior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Furthermore, the criminal history guidelines and commentary instructs the sentencing court to count a conviction for which the defendant has not yet been sentenced where the sentence would otherwise have been counted. See U.S.S.G. Sec. 4A1.2(a)(4).
 Giakovmis argues that the definition of "two prior felony convictions" in section 4B1.2(3) should be applied to preclude the consideration of the state conviction. He argues that under section 4B1.2(3) the instant offense conduct must occur subsequent to the prior conviction for the prior conviction to qualify as a "prior felony conviction." Although he is correct as to the requirements of section 4B1.2(3), the commentary to section 2K2.1 precludes its application. Rather, the application note discussed above specifically points the sentencing court to the criminal history guidelines and application note 3 to section 4B1.2 and, in doing so, excludes the consideration of section 4B1.2(3).[1]
 Giakovmis' state conviction for assault meets the "prior felony conviction" definition of application note 3, section 4B1.2. The state conviction occurred subsequent to the instant offense conduct but prior to sentencing. A conviction for which the defendant has not yet been sentenced is treated as a prior sentence where the sentence would otherwise have counted under the applicable guidelines. U.S.S.G. 4A1.2(a)(4). The district court correctly concluded that Giakovmis' state conviction was a "prior felony conviction" for the purposes of section 2K2.1.
 B
 We now turn to the question of whether the "prior felony conviction" was a "crime of violence" as required by sections 2K2.1 and 4B1.2(1). Section 4B1.2(1) provides in part
 (1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 (ii) ... otherwise involves conduct that presents a serious potential risk of physical injury to another.
 A determination whether an offense constitutes a crime of violence requires a two-step inquiry. "First, pursuant to Sec. 4B1.2(1)(i), the court must examine the elements of the crime charged. If one of the elements is the use, attempted use, or threatened use of physical force, then the crime is a crime of violence." United States v. Wood, 52 F.3d 272, 274 (9th Cir.1995) (citing United States v. Young, 990 F.2d 469, 471 (9th Cir.), cert. denied, 114 S.Ct. 276 (1993)). An offense may also be a crime of violence under section 4B1.2(1)(ii), however, if the "actual charged conduct of the defendant presented a serious risk of physical injury." Id. at 275. (internal quotations omitted). Where a sentencing court concludes a prior conviction is a crime of violence "under either prong of this inquiry, then it is to be counted under U.S.S.G. Sec. 4B1.1, regardless of the outcome of the other prong." Young, 990 F.2d at 472.
 In Washington, a person is guilty of assault in the third degree where the defendant "with criminal negligence causes bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm." Wash.Rev.Code Sec. 9A.36.031. The offense at issue is not an offense identified as a crime of violence under the list of enumerated offenses in section 4B1.2(1)(ii) or application note 5. Therefore, to consider the offense a crime of violence under the guideline it must either involve the "use, attempted use, or threatened use of physical force against the person of another," under section 4B1.2(1)(i) or present "a serious potential risk of physical injury" under section 4B1.2(1)(ii), the "otherwise" clause.
 We need not determine whether Giakovmis offense involves the use, attempted use or threatened use of physical force because we conclude it "otherwise involve[s] conduct that presents a serious risk of physical injury to another." U.S.S.G. Sec. 4B1.2(1)(ii). In determining whether an offense is a crime of violence under the "otherwise" clause, appropriate considerations include the statutory definition of the crime, conduct charged in the indictment or information, any plea agreement and jury instructions. Wood, 52 F.3d at 275.
 Although we were not provided with the indictment or information reflecting the actual charged conduct, we may still undertake the analysis of whether the offense was a crime of violence. We may conclude based on his conviction that the charged conduct must have been conduct in violation of the statute. See United States v. Lonczak, 993 F.2d 180, 182 (9th Cir.1993). Giakovmis' charged conduct therefore must have included the use of a weapon or an instrument likely to produce bodily harm in a way that caused bodily harm. This conduct "presents a serious potential risk of physical injury to another." We therefore agree with the district court's conclusion that the state conviction for assault in the third degree was a crime of violence.[2]
 III
 Giakovmis raises for the first time on appeal the district court's failure to order that his federal sentence be credited for time served on his state sentence. Where the defendant has failed to object before the district court, we review only for plain error. United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992).
 In accordance with section 5G1.3(b) the district court ordered that Giakovmis federal sentence run concurrently with his state sentence. The commentary to section 5G1.3 also provides that "[w]hen a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense." Giakovmis argues it was therefore plain error for the district court not to adjust his federal sentence for time served on his state sentence.
 We recently determined that application of section 5G1.3(b) in crediting time served is a matter for the sentencing court, not the Bureau of Prisons to decide. United States v. Drake, 49 F.3d 1438 (9th Cir.1995). Drake also instructs that the sentence should be reduced for time served as required by the Guidelines, even when that would reduce the sentence below the mandatory minimum sentence. Id. at 1441. The district court's failure to reduce Giakovmis sentence for time served is therefore plain error. We remand to allow the district court to adjust Giakovmis' sentence accordingly.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Dickran M. Tevrizian, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Giakovmis argues the definition of section 4B1.2(3) should apply because otherwise defendants with two prior felony convictions would be treated more leniently than a defendant with one prior felony conviction. This contention is absurd. The base offense level for a conviction under section 2K2.1 would increase accordingly if a defendant had two prior felony convictions. The number of convictions would be calculated in accordance with section 2K2.1, application note 5 and not section 4B1.2(3). Rather, section 4B1.2(3), which Giakovmis refers to as the more lenient provision, is used to determine whether a defendant is a career offender and subject to severely increased punishment. We have previously noted that the career offender provisions are unique and that "the harshness of the remedy explains the absolute requirement of a final conviction." United States v. Faulkner, 952 F.2d 1066, 1070 (9th Cir.1991)
 
 
 [2]
 The United States asserts that we decided in United States v. Kilgore, 7 F.3d 856 (9th Cir.1993) that third degree assault in Washington is a crime of violence. Although we concluded that "intentional assault to avoid arrest" was a violent felony, the opinion does not indicate that Kilgore was convicted of third degree assault and is therefore not controlling. Giakovmis' citation to state law for the definition of a "violent offense" is equally inapposite. Whether a crime is a crime of violence under the guidelines is a question of federal law. Wood, 52 F.2d at 276 n. 4