103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Efren Osorio ZAPATA, aka Brian, aka "El Tales," Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fredinardo FERNANDEZ, Defendant-Appellant.
 Nos. 95-50482, 96-50132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 20, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Efren Zapata appeals his convictions for conspiracy to distribute cocaine, 21 U.S.C. § 846, and possession of cocaine with the intent to distribute it, 21 U.S.C. § 841(a)(1). Fredinardo Fernandez appeals his sentence for those crimes. We affirm Zapata's conviction and Fernandez' sentence.
 
 
 4
 Zapata and Fernandez were indicted for cocaine trafficking offenses when they were both linked to a pickup truck which contained 73 kilograms of cocaine secreted in a hidden compartment. On November 16, 1995, Fernandez pled guilty to the conspiracy and possession charges, which involved his role in driving the truck. Between his May 1994 arrest in Arizona and his November 1995 guilty plea, Fernandez committed another drug offense in Florida, was indicted for that offense, and pled guilty to that indictment in the Southern District of Florida. He was serving his sentence for that conviction in Florida when he was indicted for the offenses involving the truck. He was transported from Florida to California after serving 12 1/2 months of the 87-month sentence imposed by the Southern District of Florida.
 
 1. Zapata
 
 5
 Zapata asserts that the district court committed reversible error when it chose not to read testimony to the jury in response to a jury note. A "decision to reread testimony to the jury, or to refuse a request by the jury to do so, is within the sound discretion of the trial court" and will not be reversed absent an abuse of that discretion. United States v. Nickell, 883 F.2d 824, 829 (9th Cir.1989); see also United States v. Castillo, 866 F.2d 1071, 1084 (9th Cir.1989). Moreover, "[a] trial court is given great latitude in deciding whether to reread testimony requested by the jury." United States v. Nolan, 700 F.2d 479, 486 (9th Cir.), cert. denied, 462 U.S. 1123, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983). "In general, rereading is disfavored because of the emphasis it places on specific testimony...." Castillo, 866 F.2d at 1084; Nolan, 700 F.2d at 486. Therefore, in exercising its discretion, a district court should "avoid giving undue emphasis to particular testimony." Nickell, 883 F.2d at 829; see also United States v. Cuozzo, 962 F.2d 945, 952-53 (9th Cir.), cert. denied, 506 U.S. 978, 113 S.Ct. 475, 121 L.Ed.2d 381 (1992); Castillo, 866 F.2d at 1084. Finally, Zapata "has some burden to demonstrate that any error in responding to the jury's communications 'affected the outcome of the trial.' " United States v. Sandoval, 990 F.2d 481, 486 (9th Cir.) (citation omitted), cert. denied, 510 U.S. 878, 114 S.Ct. 218, 126 L.Ed.2d 174 (1993).
 
 
 6
 In this case, the district court properly exercised its discretion when it responded to the note. The judge refused to emphasize any particular testimony in this short trial. That wise decision was in accord with the law. See Nickell, 883 F.2d at 829. He properly told the jurors to rely on their memories, a practice favored by us. See Nolan, 700 F.2d at 486. The district court reasonably let the jury know that it could clarify and repeat its request and carefully indicated that the jurors had plenty of time to deliberate. Clearly, that was not an abuse of the wide discretion given to the district court. See id.
 
 
 7
 Zapata also contends the district court erred by responding to the jury note without consulting his counsel. That, he says, violated Federal Rule of Criminal Procedure 43, which requires the presence of the defendant at every stage of the trial. It is true that we have held that a defendant must be informed of a jury note even when the district court does not give the jurors a transcript or other testimony. United States v. Birges, 723 F.2d 666, 671 (9th Cir.), cert. denied, 469 U.S. 863, 105 S.Ct. 200, 83 L.Ed.2d 131 (1984). Any error is not reversible, however, unless the defendant demonstrates that it "affected the outcome of the trial." Id. Zapata has not satisfactorily shown how his presence, or the presence of his counsel, when the court decided how to answer the jury's request could have affected the trial outcome. On this record, we are satisfied that he could not have.[1]
 
 2. Fernandez
 
 8
 Fernandez argues that he should have received credit on his Central District of California sentence for the time he served on the Southern District of Florida sentence. We give the "traditional deference to the district court's exercise of its sentencing discretion." United States v. Redman, 35 F.3d 437, 438 (9th Cir.1994), cert. denied, 513 U.S. 1120, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995). The court sentenced Fernandez to a term of 121 months of imprisonment, the bottom of the applicable Guideline range, to run concurrently with the 87-month sentence imposed in the Southern District of Florida.
 
 
 9
 Fernandez argues that USSG § 5G1.3(c), p.s.[2] required the district court to credit him with the 13 1/2 months already served on his undischarged Florida sentence. It did not. Subsection (c) is a policy statement providing that, in any case where the court is not required to impose a concurrent or consecutive sentence, the sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c), p.s.
 
 
 10
 In general, courts do not have authority to calculate credits; that authority lies with the Attorney General. United States v. Wilson, 503 U.S. 329, 333-34, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). In 18 U.S.C. § 3585(b), Congress gave the Attorney General, who acts through the Bureau of Prisons in these matters, the authority to calculate credits. Id. at 337, 112 S.Ct. at 1356. We have interpreted Wilson to mean that "district judges have no authority to grant defendants credit for time spent in jail prior to commencement of their sentences." United States v. Huss, 7 F.3d 1444, 1449 (9th Cir.1993).
 
 
 11
 It is true that when the Guidelines require that sentences run concurrently, the district court can make an adjustment to the second sentence in order to assure that it is fully concurrent with the first one. See United States v. Drake, 49 F.3d 1438, 1440-41 (9th Cir.1995). Indeed, the application note to § 5G1.3(b) contemplates exactly that. See USSG § 5G1.3(b), comment. (n. 2). By parity of reasoning, an adjustment could be made if the district court wished to make a § 5G1.3(c) sentence fully concurrent. But the district court expressed no such desire in this case, even though it recognized that the Bureau of Prisons itself would probably not give Fernandez the credit. Again, nothing in this record compelled the court to make the sentences fully concurrent.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Zapata's motion to allow him to file a further letter brief
 
 
 [2]
 The district court correctly applied the 1995 version of the Guidelines; Fernandez was sentenced on February 27, 1996. Fernandez alternatively cites the 1995 version and earlier Guidelines versions in his brief. We apply only the 1995 Guidelines