108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard James GIAKOVMIS, Defendant-Appellant.
 No. 96-30110.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard James Giakovmis appeals his 49-month sentence imposed following this court's remand for resentencing with instructions for the district court to credit Giakovmis's federal sentence for time served on his state conviction for third-degree assault. Giakovmis contends that the district court erred by not giving him credit for an additional 75 days spent in custody. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, and review its application of the Sentencing Guidelines for an abuse of discretion. United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996), and we affirm.
 
 
 3
 Giakovmis contends that he is entitled to additional credit for 17 days spent in the Snohomish County Jail and 58 days spent in the San Francisco County Jail in connection with the assault charge, because the assault was taken into account in calculating his base offense level.[1] We disagree.
 
 
 4
 A newly imposed sentence should run concurrently to undischarged terms of imprisonment when those undischarged terms were fully taken into account in calculating the offense level of the instant offense. U.S.S.G. § 5G1.3(b); United States v. Drake, 49 F.3d 1438, 1439 (9th Cir.1995). The district court should credit a defendant "for any period of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense." U.S.S.G. § 5G1.3(b), comment. (n. 2); Drake, 49 F.3d at 1439. Section 5G1.3(b) does not apply where the sentencing court did not take an undischarged term of state incarceration into account in setting the defendant's base offense level. United States v. Merino, 44 F.3d 749, 757 (1994).
 
 
 5
 The district court refused to reduce Giakovmis's sentence more than 420 days, because the state sentencing order clearly set forth the number of days Giakovmis served in state custody prior to the imposition of his state sentence. Furthermore, Giakovmis did not initially request credit for the additional days nor attempt to modify his request.
 
 
 6
 The district court did not err by refusing to reduce Giakovmis's sentence more than 420 days, since he did not request credit for more time. Additionally, Giakovmis was not in custody from September 30, 1992 to October 16, 1992. The record shows that Giakovmis was taken into custody at the Snohomish County Jail on September 1, arraigned on September 3, and released on September 29, 1992. Although the order was not filed until October 16, 1992, Giakovmis was not in custody for purposes of reducing his sentence under U.S.S.G. § 5G1.3(b), after September 29, 1992. Therefore, Giakovmis is not entitled to the 17 days of additional credit. See Drake, 49 F.3d at 1439.
 
 
 7
 Moreover, Giakovmis is not entitled to credit for the 58 days spent in the San Francisco County Jail, because he was awaiting extradition on unrelated charges that were not taken into account in calculating his base offense level. See Merino, 44 F.3d at 757.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court affirmed Giakovmis's federal conviction, but reversed in part and remanded the case for resentencing so the district court could adjust his sentence for time served on his state conviction. (No. 94-30166). After considering the issues raised during the resentencing hearing, the district court reduced Giakovmis's sentence by 420 days (CR-93-0193C). He now appeals