**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Deanthony MOORE, Defendant—
Appellant.**

**No. 00–50530.**

**D.C. No. CR–99–00889–RMT–3.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Dec. 23, 2002.

Before HUG, BRUNETTI, and
O'SCANNLAIN, Circuit Judges.

AMENDED MEMORANDUM *

DeAnthony Moore ("Moore") appeals his conviction after a jury trial for one count of cocaine distribution, in violation of 21 U.S.C. § 841(a), and his 168–month sentence. Jurisdiction is proper under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Moore contends that the district court erred by: (1) improperly limiting his closing argument regarding the meaning of a potentially incriminating taped conversation between Moore and a government informant; (2) admitting a tape recording into evidence without an adequate foundation of its reliability; (3) denying Moore's motion for a mistrial after a government witness testified that Moore had just been released from the "pen"; and (4) improp-

erly sentencing Moore to account for an undischarged concurrent state sentence.

We affirm Moore's conviction. First, the district court did not abuse its discretion to limit closing argument by precluding defense counsel from presenting a misleading or confusing interpretation of the December 10, 1998 conversation as applying to the November 19, 1998 transaction. Based on the defendant's pretrial objection, the government had been precluded from introducing evidence of a December 3, 1998 transaction, to which it contended this portion of the conversation applied. The defendant's argument would have been misleading with no opportunity for rebuttal by the government. Second, the district court did not commit plain error in admitting the tape recording. The tape was adequately authenticated by a witness with personal knowledge, and in any event, Moore made no objection to its admission at trial. Third, the district court did not abuse its discretion in denying Moore's motion for mistrial because the district court struck the improper "pen" reference and issued two curative instructions to the jurors to disregard the statement. Consequently, we affirm Moore's conviction for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

We agree with Moore's claim that the district court committed plain error in determining his sentence. Moore requested, pursuant to United States Sentencing Guideline § 5G1.3(b), that his sentence run concurrently with his state sentence, and that he receive credit for time already served on his state conviction, a period of approximately February through November of 1999. Without opposition from the government, the district court consented to Moore's requests. The district court imposed the recommended sentence of 168

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

months, and applying § 5G1.3(b) of the Guidelines, ruled that his term run concurrent to the state term and that he receive credit for the period of imprisonment already served on the state offense.

The district court erred because it does not have authority under 18 U.S.C. § 3585(b) to credit for time served at sentencing. *United States v. Wilson,* 503 U.S. 329, 333–36, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Rather, credit for time served is a matter within the province of the Bureau of Prisons under § 3585(b) and computed after a defendant begins serving his sentence. *Wilson* instructs that the district court will first sentence the offender by applying the relevant Sentencing Guidelines before credit determinations shall be made by the Bureau of Prisons. *See also United States v. Drake,* 49 F.3d 1438, 1440 (9th Cir.1995).

The district court's plain sentencing error is compounded because the Bureau of Prisons will not reduce Moore's 168–month sentence since his time in state custody was already credited against his state offense. 18 U.S.C. § 3585(b). Section 3585(b), however, does not limit the sentencing court's authority to apply Sentencing Guideline § 5G1.3(b) and adjust the sentence under the Guidelines to account for the period of imprisonment that will not be credited to the federal sentence by the Bureau of Prisons. *Drake,* 49 F.3d at 1440. Consequently, Moore has a plausible claim that he will serve approximately 10 months longer than the district court intended.

United States Sentencing Guideline § 5G1.3(b) allows the district court to take into account time served in determining the appropriate sentence. The court "should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S. Sentencing Guidelines Manual § 5G1.3(b) cmt. n. 2 (2002). The comment to § 5G1.3(b) states that, for clarity, the district court should note on its order that the defendant is not receiving a departure from the guideline range, but rather is credited with time served in state custody. *Id.*

The district court can give credit under § 5G1.3(b) for time served in establishing the sentence. However, after having established the sentence, the district court is precluded under 18 U.S.C. § 3585(b) from ordering that the time served be credited concurrently with another sentence. That is reserved to the Bureau of Prisons.

We REVERSE Moore's sentence and REMAND to the district court to exercise its discretion as to whether to apply Sentencing Guideline § 5G1.3(b) to Moore's sentence and adjust downward from 168 months to account for 18 U.S.C. § 3585(b)'s preclusion by the Bureau of Prisons of time already credited against his state offense.

AFFIRMED in part, REVERSED in part, and REMANDED.