**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TINA-MARIE FINAZZO,
*Defendant-Appellant.*
</td>
<td>

No. 15-10272

D.C. No.
1:11-cr-00383-LEK-1

OPINION
</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 18, 2016
Honolulu, Hawaii

Filed November 10, 2016

Before: J. Clifford Wallace, Jerome Farris,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Wallace

**SUMMARY**[*]

**Criminal Law**

The panel affirmed the district court's order granting in part and denying in part Tina-Marie Finazzo's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive 2014 amendment that lowered her applicable Sentencing Guidelines range.

At the original sentencing, the probation office recommended a downward variance, and the government assented with the caveat that it was not making a motion for a downward departure under U.S.S.G. § 5K1.1 based on substantial assistance to authorities. The district court adopted the recommendation and imposed a 172-month sentence based in part on Finazzo's early and extensive cooperation with law enforcement.

On Finazzo's § 3582(c)(2) motion, the district court reduced her sentence to the bottom of the amended Guidelines range, 168 months, but denied her request for a downward variance comparable to what she received as part at her original sentencing because the initial variance was not based on her substantial assistance to authorities.

Under U.S.S.G. § 1B1.10(b)(2)(B), a reduction comparably less than the amended Guidelines range may be appropriate for a defendant who received at the time of sentencing a below-Guidelines sentence as the result of "a

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

government motion to reflect the defendant's substantial assistance to authorities." The panel held that the government's conduct in this case did not amount to a motion, and rejected Finazzo's argument that the canon of constitutional avoidance and the rule of lenity compel interpretation of § 1B1.10(b)(2)(B) as being triggered by a government motion under 18 U.S.C. § 3553(a).

## COUNSEL

Craig W. Jerome (argued) and Salina Kanai Althof, Assistant Federal Public Defenders; Peter C. Wolff, Jr., Federal Public Defender; Hawaii Federal Public Defender, Honolulu, Hawaii; for Defendant-Appellant.

Thomas Muehleck (argued), Assistant United States Attorney; Florence T. Nakakuni, United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Plaintiff-Appellee.

**OPINION**

WALLACE, Senior Circuit Judge:

Appellant Tina-Marie Finazzo appeals from the district court's judgment, challenging its order granting in part and denying in part her motion for a sentence reduction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

We review sentence reductions under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.*, *quoting United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010).

## II.

Finazzo pleaded guilty in 2011 to one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine. Her United States Sentencing Guidelines (Guidelines) range was 210 to 262 months' imprisonment, but the probation office recommended a downward variance to 172 months. The government assented to this recommendation with the caveat that it was not making a motion for a downward departure under Guidelines § 5K1.1. At sentencing, the district court adopted the recommendation and imposed a 172-month sentence, based in part on Finazzo's "early and extensive cooperation with law enforcement."

The United States Sentencing Commission (Commission) subsequently lowered the sentencing range for Finazzo's crime. Commission Guidelines Manual, app. C, amend. 782 (2014). Finazzo then moved the district court to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits such reductions when the Commission has lowered the applicable Guidelines range after sentencing. The court granted that motion in part, reducing Finazzo's sentence to 168 months—the bottom of the amended Guidelines range. But it denied Finazzo's request for a downward variance comparable to what she had received as part of her original sentence because the initial variance was not based on her "substantial assistance." Finazzo appeals.

### III.

When granting a sentence reduction under 18 U.S.C. § 3582(c)(2), a court cannot reduce the sentence to a term "that is less than the minimum of the amended [G]uideline[s] range." Guidelines § 1B1.10(b)(2)(A). There is an exception to this rule for a defendant who originally received a below-Guidelines sentence as the result of "a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). In such a case, "a reduction comparably less than the amended [G]uideline[s] range . . . may be appropriate." *Id.*

Finazzo argues, as she did in the district court, that the government made such a motion at her sentencing, and she is therefore entitled to a more significant reduction. She acknowledges that the government never filed a written motion; nevertheless, she contends that it made an oral "motion" by adopting the probation office's recommended

sentence and not objecting when the court attributed the request for a lower sentence to the government.

We have defined a motion as "[a] written or oral application requesting a court to make a specified ruling or order." *SEC v. McCarthy*, 322 F.3d 650, 657 (9th Cir. 2003) (alteration in original), *quoting Black's Law Dictionary* 1031 (7th ed. 1999). Assuming *arguendo* that this definition applies in the Guidelines context, the government's statement that it "ha[d] no problem" with the probation office's recommendation cannot fairly be called a motion. This acquiescence was not a request or even a suggestion that the court impose a particular sentence. The government merely refrained from objecting or offering its own recommendation. A motion requires an affirmative act of solicitation, and this passive conduct does not qualify. We therefore hold that the government's conduct in this case did not amount to a motion.

The commentary to section 1B1.10(b)(2)(B) buttresses this conclusion. According to Application Note 3, three provisions authorize a motion reflecting a defendant's substantial assistance: Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and Federal Rule of Criminal Procedure 35(b). Guidelines § 1B1.10 cmt. n.3. The Guidelines thus contemplate that such a motion will, in some manner, be tied to one of these provisions. That did not happen here. In fact, the government stated explicitly that it was *not* making a motion under Guidelines § 5K1.1. Consequently, it would undermine the Guidelines' expectations to call the government's conduct in this case a motion.

Finazzo also argues that the canon of constitutional avoidance and the rule of lenity compel us to interpret section

1B1.10(b)(2)(B) as being triggered by a government motion under 18 U.S.C. § 3553(a). To the extent that this argument encompasses the question of whether the government made a motion at all, neither the rule of lenity nor the canon of constitutional avoidance applies. Both rules require that the statute at issue be ambiguous, and this statute is not ambiguous. *See Almendarez-Torres v. United States*, 523 U.S. 224, 237–38 (1998) (canon of constitutional avoidance); *United States v. Bendtzen*, 542 F.3d 722, 727–28 (9th Cir. 2008) (rule of lenity). Accordingly, we affirm the district court's ruling.

**AFFIRMED**.