**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM JOHN MAHAN,

Defendant-Appellant.

No. 15-30365

D.C. No. 6:06-cr-60045-AA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted November 7, 2016
Portland, Oregon

Before: McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

Defendant-Appellant Mahan appeals the district court's denial of his motion

for sentence reduction pursuant to 18 U.S.C. § 3582(c). We have jurisdiction

pursuant to 18 U.S.C. § 3742(a)(1), and vacate and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On November 25, 2008, the district court sentenced Mahan to a 120-month term of imprisonment for felon in possession of a firearm, 18 U.S.C. § 922(g), and possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(c). The district court also sentenced Mahan to a consecutive mandatory 60-month minimum for possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). His total sentence was 180 months. The first sentence of 120 months is at issue in this case.

At his original sentencing, the district court departed from the recommended guidelines range for Mahan's firearm and drug possession convictions. Mahan's original guidelines range, based on a total offense level of 28 and a Criminal History Category of VI, was 140 to 175 months. The Probation Office verified this calculation and recommended a sentence at the low-end of the guidelines range, 140 months. However, the district court determined that 140 months did not account for the time Mahan had already served in state prison for the same crime and his substantial progress toward rehabilitation. Prior to his federal indictment on April 19, 2006, Mahan had been arrested by state authorities for violating post-prison supervision conditions imposed for a prior state conviction. He remained in state custody for that probation violation until December 10, 2007 – approximately twenty months after the federal indictment. To account for this prior incarceration,

among other factors, the district judge granted Mahan a variance and reduced his sentence for firearm and drug possession to 120 months.

Pursuant to U.S. Sentencing Commission Amendment 782, promulgated in 2014, the amended base offense level for Mahan's drug charge is now 26, generating a new reduced guidelines range of 120 to 150 months. Mahan sought a reduction in sentence pursuant to this new guidelines range, and requested that the district court reduce his sentence to a term of 100-months to again credit him for the twenty months that he served in state custody.

The district court denied Mahan's motion. The court found that U.S.S.G. § 1B1.10(b)(2)(B) prevented the court from reducing Mahan's sentence as requested because "the court shall not reduce a defendant's term of imprisonment to a term that is less than the amended guideline range." A district court's ruling on a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2013). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* Our review of within-guidelines sentences is particularly deferential. *See United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011) ("This special deference reflects the fact that when a district court imposes a within-Guidelines sentence . . .'[t]hat

double determination significantly increases the likelihood that the sentence is a reasonable one.'") (alteration in the original).  Whether the district court can grant prison credit time is a question of law reviewed *de novo*. *See United States v. Peters*, 470 F.3d 907, 908–09 (9th Cir. 2006) (per curiam).

We hold in an opinion filed today that § 1B1.10(b)(2)(B) does not preclude the district court from crediting time served in state prison as part of a defendant's "term of imprisonment." *See United States v. Brito*, __ F.3d __ (9th Cir. 2017). We vacate and remand to allow the district court to exercise its discretion in light of our opinion in *Brito*.

**VACATED AND REMANDED.**

*United States v. Brito*, No. 15-30229

McKEOWN, Circuit Judge, dissenting:

FILED

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

The key issue in this appeal is whether the phrase "term of imprisonment" in 18 U.S.C. § 3582(c)(2) and the federal Sentencing Guidelines includes time already served in state custody such that the court is not bound by the guideline minimum. The majority says yes, but I respectfully dissent. The statute relates to reduction of an original sentence based on retroactive changes to the Guidelines. However, the Guidelines affirmatively prohibit reducing the "term of imprisonment" below the lower end of the amended guideline range.[1] The majority offers no precedent on this "term of imprisonment" question but endeavors to skirt the guideline restriction by reference to *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995). In my view, the majority stretches the decision in *Drake* from a context where it makes sense to one where it does not.

In *Drake*, which involved an original sentencing, we concluded that district courts may run concurrent federal and state sentences consecutively to meet a mandatory minimum. *Id.* at 1440–41. Gilbert Brito's case is missing all of the crucial elements. Most importantly, Brito's appeal stems from a sentence-reduction proceeding where much of the court's sentencing discretion has

---

[1] The Guidelines include an exception when a defendant provides substantial assistance to the government. U.S.S.G. § 1B1.10(b)(2)(B). For ease of reading, I do not reiterate the exception each time I state the general rule.

evaporated. Second, we don't have concurrent sentences because Brito had already completed his state sentence at the time of his federal sentencing. The original-sentencing judge and Brito's attorney acknowledged that "[Brito was] not asking for concurrent time because the [state] time ha[d] run." These material differences render *Drake* inapposite to Brito's case.

The distinction between an original sentencing and a sentence reduction is not insignificant. Conflating the two proceedings flouts Congress's expressed intention to cabin district courts' discretion in the latter. The Supreme Court has emphasized that § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Reflective of that dichotomy, stark differences are apparent on the face of the statute at issue in *Drake* and the provisions here. The sentencing statute in *Drake*, 18 U.S.C. § 924(e)(1), does not use the Guideline's "term of imprisonment" phrase at all. Instead, it provides that the defendant "shall be . . . imprisoned not less than fifteen years." That language centers on the length of time that the defendant is to be "imprisoned," which plausibly could include time served on a concurrent state sentence. So long as the defendant spends at least fifteen total years in prison, the statutory requirement has been satisfied because "[§ 924(e)(1)] does not specify any particular way in which that imprisonment should be

2

achieved." *United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010) (citation omitted).

The verbiage in § 924(e)(1) stands in sharp contrast to the restrictive language of the Guideline, U.S.S.G. § 1B1.10(b)(2)(A), which states that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." That language dictates in forceful terms that a court may not drop a sentence below the guideline minimum. Whereas § 924(e)(1) looks to the length of time *the defendant* is to be imprisoned, § 1B1.10(b)(2)(A) restricts *the court*'s ability to impose a particular term of imprisonment. That difference in focus makes sense because an original sentencing involves a judgment about how long a defendant should serve, while a sentence reduction allows minor modifications based on Guidelines changes but without authorizing a comprehensive resentencing.

More to the point, § 1B1.10(b)(2)(A) links the phrase "term of imprisonment" to the implementing statute, but § 3582(c)(2) cannot bear *Drake*'s state-plus-federal-time interpretation. "Term of imprisonment" appears twice in § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a *term of imprisonment* based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the *term of imprisonment*, after considering the factors set forth in section

3

3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphases added.) In the first clause, "term of imprisonment" cannot include state time because district courts are not empowered to "sentence [a defendant] to" state time, although state time may be subtracted to achieve a fair federal sentence. The second clause similarly focuses on the district court's authority, which is limited to fashioning a federal, not state, sentence. And at multiple places, § 3582(c)(2) references aspects of distinctly federal sentencing procedure, *i.e.*, the federal Guidelines and the federal statutes. Read together, § 1B1.10(b)(2)(A) and § 3582(c)(2) leave no room for *Drake*: the bottom of the amended guideline range provides the absolute floor for the federal sentence.

In light of this unyielding language, it's no wonder that our precedent consistently and forcefully states that "a court cannot reduce the sentence to a term 'that is less than the minimum of the amended [guideline] range.'" *United States v. Finazzo*, 841 F.3d 816, 818 (9th Cir. 2016) (quoting § 1B1.10(b)(2)(A)).[2] The majority unjustifiably breaks from this line of authority and creates an anomaly for

---

[2] *See also United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) ("[Section 1B1.10(b)(2)(A)] prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range . . . ."); *United States v. Tercero*, 734 F.3d 979, 982 (9th Cir. 2013) ("[T]he district court concluded correctly that under the revised version of § 1B1.10, it could not adjust [the defendant]'s sentence below 70 months.").

4

defendants who have served state time, upending the streamlined sentence-reduction proceeding that Congress sought to institute. Even on its own terms, the majority's solution to incorporate discharged state time into the phrase "term of imprisonment" is difficult to understand because the Guidelines treat discharged state time as a departure. *See* U.S.S.G. § 5K2.23. In view of these structural and linguistic statutory differences, *Drake* cannot simply be carried over from the original-sentencing context to the sentence-reduction context.

Another key difference compounds the majority's error: *Drake*, unlike this case, involved concurrent sentences. The court in *Drake* relied on that fact, framing the issue as one about "the relation between the concurrent sentencing statutes and the statutory mandatory minimums" and grounding its reasoning in "concurrent sentencing principles." 49 F.3d at 1440–41 (citation omitted). As the Supreme Court later validated, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively." *Setser v. United States*, 566 U.S. 231, 236 (2012).

Unlike in *Drake*, we cannot draw on that background rule of broad discretion here because our case does not involve concurrent sentences, as the majority tacitly concedes. Our case law is crystal clear that "[i]f a defendant," like Brito, "has been released from state prison after having served the term imposed, no term of imprisonment remains with which the federal sentence can 'run

5

concurrently.'" *United States v. Turnipseed*, 159 F.3d 383, 387 (9th Cir. 1998); *see also Sentence*, Black's Law Dictionary (10th ed. 2014) (defining "concurrent sentences" as "[t]wo or more sentences of jail time to be served simultaneously"). The relevant statutory provision and Guideline use "concurrently" in the same way: they refer to running a sentence "concurrently" with another that is "undischarged" or imposed "at the same time." *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(b)(2). And if all of that weren't enough, Brito's attorney and the original-sentencing judge explicitly disavowed that this case involves concurrent sentencing. This acknowledgement puts even more distance between our case and *Drake*.

We should follow § 1B1.10(b)(2)(A) and uphold the district court's conclusion that it could not sentence Brito below the bottom of the amended guideline range. Thus, the district court properly stated that it could give Brito no less than 70 months. Because Brito's remaining statutory and constitutional arguments were rejected in *United States v. Padilla-Diaz*, 862 F.3d 856 (9th Cir. 2017), I would affirm.

6