McKEOWN, Circuit Judge,
dissenting:
The key issue in this appeal is whether the phrase “term of imprisonment” in 18 U.S.C. § 3582(c)(2) and the federal Sentencing Guidelines includes time already served in state custody such that the court is not bound by the guideline minimum. The majority says yes, but I respectfully dissent. The statute relates to reduction of an original sentence based on retroactive changes to the Guidelines. However, the Guidelines affirmatively prohibit reducing the “term of imprisonment” below the lower end of the' amended guideline range.[1] The majority offers no precedent on this “term of imprisonment” question but endeavors to skirt the guideline restriction by reference to United States v. Drake, 49 F.3d 1438 (9th Cir. 1995). In my view, the majority stretches the'decision in Drake from a context where it makes sense to one where it does not.
In Drake, which involved an original sentencing, we concluded that district courts may run concurrent federal and state sentences consecutively to meet a mandatory minimum. Id. at 1440-41. Gilbert Brito’s case is missing all of the crucial elements. Most importantly, Brito’s appeal stems from a sentence-reduction proceeding where much of the court’s sentencing discretion has evaporated. Second, we don’t have concurrent sentences because Brito had already completed his state sentence at the time of his federal sentencing. The original-sentencing judge and Brito’s attorney acknowledged that *883 “[Brito was] not asking for concurrent time because the [state] time ha[d] run.” These material differences render Drake inapposite to Brito’s case.
The distinction between an original sentencing and a sentence reduction is not insignificant. Conflating the two proceedings flouts Congress’s expressed intention to cabin district courts’ discretion in the latter. The Supreme Court has emphasized that § 3582(c)(2) “authorized only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.” Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).
Reflective of that dichotomy, stark differences are apparent on the face of the statute at issue in Drake and the provisions here. The sentencing statute in Drake, 18 U.S.C. § 924(e)(1), does not use the Guideline’s “term of imprisonment” phrase at all. Instead, it provides that the defendant “shall be ... imprisoned not less than fifteen years.” That language centers on the length of time that the defendant is to be “imprisoned,” which plausibly could include time served on a concurrent state sentence. So long as the defendant spends at least fifteen total years in prison, the statutory requirement has been satisfied because “[§ 924(e)(1)] does not specify any particular way in which that imprisonment should be achieved.” United States v. Cruz, 595 F.3d 744, 746 (7th Cir. 2010) (citation omitted).
The verbiage in § 924(e)(1) stands in sharp contrast to the restrictive language of the Guideline, U.S.S.G. § IB 1.10(b)(2)(A), which states that “the court shall not reduce the defendant’s term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.” That language dictates in forceful terms that a court may not drop a sentence below the guideline minimum. Whereas § 924(e)(1) looks to the length of time the defendant is to be imprisoned, § lB1.10(b)(2)(A) restricts the court’s ability to impose a particular term of imprisonment. That difference in focus makes sense because an original sentencing involves a judgment about how long a defendant should serve, while a sentence reduction allows minor modifications based on Guidelines changes but without authorizing a comprehensive resentencing.
More to the point, § lB1.10(b)(2)(A) links the phrase “term of imprisonment” to the implementing statute, but § 3582(c)(2) cannot bear Drake’s state-plus-federal-time interpretation. “Term of imprisonment” appears twice in § 3582(c)(2):
[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
(Emphases added.) In the first clause, “term of imprisonment” cannot include state time because district courts are not empowered to “sentence [a defendant] to” state time, although state time may be subtracted to achieve a fair federal sentence. The second clause similarly focuses on the district court’s authority, which is limited to fashioning a federal, not state, sentence.. And at multiple places, § 3582(c)(2) references aspects of distinctly federal sentencing procedure, ie., the federal Guidelines and the federal statutes. Read together, § lB1.10(b)(2)(A) and § 3582(c)(2) leave no room for Drake: the bottom of the amended guideline range *884 provides the-absolute floor for the federal sentence.
In light of this unyielding language, it’s no wonder that our precedent consistently and forcefully states that “a court cannot reduce the sentence to a term ‘that is less than the minimum of the amended [guideline] range.’” United States v. Finazzo, 841 F.3d 816, 818 (9th Cir. 2016) (quoting § 1B1.10(b)(2)(A)).[2] The majority unjustifiably breaks from this line of authority and creates an anomaly for defendants who have served state time, upending the streamlined sentence-reduction proceeding that Congress sought to institute. Even on its own terms, the majority’s solution to incorporate discharged state time into the phrase “term of imprisonment” is difficult to understand because the Guidelines treat discharged state time as a departure. See U.S.S.G. § 5K2.23. In view of these structural and linguistic statutory differences, Drake cannot simply be carried over from the original-sentencing context to the sentence-reduction context.
Another key difference compounds the majority’s error: Drake, unlike this case, involved concurrent sentences. The court in Drake relied on that fact, framing the issue as one about “the relation between the concurrent sentencing statutes and the statutory mandatory mínimums” and grounding its reasoning in “concurrent sentencing principles.” 49 F.3d at 1440-41 (citation omitted). As the Supreme Court later validated, “[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively.” Setser v. United States, 566 U.S. 231, 236, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012).
Unlike in Drake, we cannot draw on that background rule of broad discretion here because our case does not involve concurrent sentences, as the majority tacitly concedes. Our case law is crystal clear that “[i]f a defendant,” like Brito, “has been released from state prison after having served the term imposed, no term of imprisonment remains with which the federal sentence can ‘run concurrently.’” United States v. Turnipseed, 159 F.3d 383, 387 (9th Cir. 1998); see also Sentence, Black’s Law Dictionary (10th ed. 2014) (defining “concurrent sentences” as “[t]wo or more sentences of jail time to be served simultaneously”). The relevant statutory provision and Guideline use “concurrently” in the same way: they refer to running a sentence “concurrently” with another that is “undischarged” or imposed “at the same time.” See 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(b)(2). And if all of that weren’t enough, Brito’s attorney and the original-sentencing judge explicitly disavowed that this case involves concurrent sentencing. This acknowledgement puts even more distance between our case and Drake.
We should follow § lB1.10(b)(2)(A) and uphold the district court’s conclusion that it could not sentence Brito below the bottom of the amended guideline range. Thus, the district court properly stated that it could give Brito no less than 70 months. Because Brito’s remaining statutory and constitutional arguments were rejected in United States v. Padilla-Diaz, 862 F.3d 856 (9th Cir. 2017), I would affirm.

. The Guidelines include an exception when a defendant provides substantial assistance to the government. U.S.S.G, § IB 1.10(b)(2)(B). For ease of reading, I do not reiterate the exception each time I state the general rule.

. See also United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014) ("[Section 1B1.10(b)(2)(A) ] prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range.... ”); United States v. Tercero, 734 F.3d 979, 982 (9th Cir. 2013) ("[T]he district court concluded correctly that under the revised version of § 1B1.10, it could not adjust [the defendant's sentence below 70 months.").