**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RUSSELL EUGENE SCHLEINING,
            *Petitioner-Appellant,*

v.

J. E. THOMAS, Warden,
            *Respondent-Appellee.*

No. 10-35792

D.C. No.
3:09-cv-01087-MA

OPINION

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted
May 4, 2011—Portland, Oregon

Filed June 27, 2011

Before: Alex Kozinski, Chief Judge, Carlos T. Bea and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Bea

8685

## COUNSEL

Stephen R. Sady, Federal Public Defender's Office, Portland, Oregon, for the petitioner-appellant.

Dwight C. Holton, Kelly A. Zusman, James E. Cox, Jr., United States Attorney's Office, Portland, Oregon, for the respondent-appellees.

## OPINION

BEA, Circuit Judge:

This case requires us to determine whether a prisoner is eligible for federal Good Conduct Time ("GCT") under 18 U.S.C. § 3624(b)(1) for time he served in state prison on state charges, before being sentenced on a related charge in federal court. We hold that he is not so eligible.

Federal prisoner Russell Schleining appeals the district court's denial of his petition for writ of habeas corpus challenging the Bureau of Prison's ("BOP") calculation of his Good Conduct Time ("GCT") credit under 18 U.S.C. § 3624(b). Schleining contends that he accrued 82 days of GCT during the 21 months he served in state custody on state burglary, narcotics, and drug paraphernalia charges before he was sentenced in federal court on a related felon-in-

possession charge.[1] The district court denied Schleining's habeas petition, holding that Schleining was not eligible for GCT credit for the time he spent in state custody before his federal sentence was imposed by the district court.

We affirm. Under the terms of 18 U.S.C. § 3624(b)(1), GCT can accrue only on the time a prisoner has "actually served" on his federal sentence. *See Barber v. Thomas*, 130 S. Ct. 2499, 2506-07 (2010). Pursuant to 18 U.S.C. § 3585(a), "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Although this court has not yet been called upon to determine when a federal sentence begins for a prisoner already serving a state term of imprisonment, other courts have interpreted § 3585(a) to mean that a federal sentence cannot begin *before* the defendant has been sentenced in fed-

---

[1]Schleining was in state custody from the time of his arrest (September 3, 2003) until he was turned over to the BOP on or around January 25, 2005, pursuant to a writ of habeas corpus ad prosequendum—a period of approximately 16 months. Schleining then spent approximately five months in BOP custody before he was sentenced in federal court on July 8, 2005, at which point he was returned to state prison to serve the remainder of his state sentence. However, this court has held that the temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1152 n.8 (9th Cir. 2010) (noting that where a defendant is brought from state custody into BOP custody to appear in federal court pursuant to a writ of habeas corpus ad prosequendum, the defendant is still primarily in state custody and the state's priority of jurisdiction is not interrupted). Thus, despite his brief transfer to the BOP's custody pursuant to a writ of habeas corpus ad prosequendum, Schleining was in "state custody" for the 21-month period from his state arrest (September 3, 2003) to his sentencing in federal court (July 8, 2005).

eral court. *See United States v. Gonzalez*, 192 F.3d 350, 355 (2d Cir. 1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

We find the logic of our sister circuits persuasive, and we adopt their interpretation of § 3585(a). Therefore, because a federal sentence cannot commence until a prisoner is sentenced in federal district court, and GCT can accrue only on time served on a federal sentence, Schleining is not eligible for GCT credit for the 21 months he served in state custody discharging his state sentence before he was sentenced in federal court.

## Background

Schleining was arrested by Montana state authorities on September 3, 2003 for burglary and attempted burglary. When he was arrested, Schleining—a previously convicted felon—was also found in possession of a firearm. On November 12, 2003, Schleining pleaded guilty in state court to one count of attempted burglary, one count of possession of narcotics, and one count of possession of drug paraphernalia. He was sentenced the same day to ten years in state prison, with five years suspended. He immediately commenced serving his sentence in state prison.

On June 2, 2004, a federal grand jury indicted Schleining on three counts relating to the firearm found during his arrest for the state crimes. Schleining was subsequently brought into federal custody on January 25, 2005, pursuant to a writ of habeas corpus ad prosequendum. On April 8, 2005, Schleining pleaded guilty in the United States District Court for the District of Montana to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e).

On July 8, 2005, the Honorable Donald W. Molloy, United States District Judge for the District of Montana, conducted a sentencing hearing. At the hearing, Judge Molloy exercised his discretion under U.S.S.G. § 5G1.3 to adjust Schleining's sentence for the 21 months he had already served in state prison on related state crimes, decreasing what Judge Molloy considered an appropriate guidelines sentence—115 months—to 94 months. Section 5G1.3(b) of the 2008 Federal Sentencing Manual provides:

> (1) the court shall adjust the [federal] sentence for any period of imprisonment already served on the undischarged term of imprisonment *if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons*; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (emphasis added).

Application of § 5G1.3(b)(1) was appropriate in this instance because the BOP would not have been able to credit Schleining's 21 months in state prison against his federal sentence because those 21 months had already been credited against his state sentence on related charges.[2] As Judge Molloy explained:

---

[2] 18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment "*has not been credited against another sentence*." § 3585(b) (emphasis added). For example, this might arise in the context of pre-trial detention where a bail motion has been denied. Here, however, Schleining's 21-month term in state custody before imposition of his federal sentence *was* credited against his state sentence. Therefore, the BOP would not have been able to credit that time against Schleining's federal sentence; that triggered Judge Molloy's authority, under U.S.S.G. § 5G1.3(b)(1), to adjust Schleining's federal sentence downward from 115 months to 94 months, in recognition of the 21 months he served in state prison on related charges.

> The guideline range, as I said, is 92 to 115 months. And I can fashion a sentence that is appropriate, I believe, for giving you credit for the time that you've been in the state and then making this sentence run concurrent with the state sentence, which I intend to do.
>
> Pursuant to 18 U.S. Code section 3553 and having considered the advisory guidelines, . . . it is my judgment that Russell Eugene Schleining be committed to the custody of the Bureau of Prisons for a term of 94 months.
>
> This is a reflection of my determination that an appropriate sentence is 115 months but with the application of [§ ] 5G1.3, giving you credit for the time that you've been serving in the state, that reduces it down to 94 months.

Thereafter, as reflected in the judgment record, Judge Molloy sentenced Schleining to 94 months on the federal charge to be served concurrently with Schleining's state sentence.

Following his federal sentencing on July 8, 2005, Schleining was returned to state custody. He served the remainder of his state sentence, and was transferred to federal custody on February 21, 2007. At that point, the BOP calculated Schleining's GCT credit under 18 U.S.C. § 3624(b)(1). Section 3624(b)(1) provides, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau

of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

The BOP based its GCT calculation on the 94-month sentence Schleining received from Judge Molloy on July 8, 2005.[3] Based on the 94-month sentence, the BOP calculated Schleining's expected GCT credit as 368 days, setting a projected release date of May 4, 2012—with possible early release available upon successful completion of a drug treatment program.

On September 11, 2009, Schleining filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2241. Schleining contended that the BOP's GCT cal-

---

[3]As explained *supra* at n.1, Schleining was temporarily transferred to BOP custody on January 25, 2005, pursuant to a writ of habeas corpus ad prosequendum. However, Schleining was still considered in "state custody" during that time for the purposes of GCT credit. *See Thomas*, 923 F.2d at 1367. Nonetheless, even if Schleining were considered to have been in "federal custody" for those five months of pre-sentence detention, he would not be entitled to GCT credit for that period. Under 28 C.F.R. § 523.17(l):

> A pretrial detainee may not earn good time while in pretrial status. A pretrial detainee, however, *may* be recommended for good time credit. This recommendation shall be considered in the event that the pretrial detainee is later sentenced on the crime for which he or she was in pretrial status.

In other words, while a pre-trial detainee may be recommended for good time credit by the operators of his pre-trial detention facility and the BOP "shall . . . consider[ ]" this recommendation if "the pretrial detainee is later sentenced on the crime for which he or she was in pretrial status," a pretrial detainee has no statutory entitlement to GCT credit under § 3624(b).

Schleining does not claim that he was recommended for GCT credit under 28 C.F.R. § 523.17(l), nor does the record support a contention that such a recommendation was ever made. Thus, even if Schleining were considered to be in federal custody for his five months of pre-sentence detention, the BOP would not have authority to award him good time credit under 28 C.F.R. § 523.17(l) for that period.

culation failed to account for GCT credits he accrued during his pre-federal-sentence incarceration on related state charges. Schleining claimed he was entitled to 82 additional days of GCT credit for the 21 months he served in state custody before the district court imposed his federal sentence. On September 7, 2010, the district court denied his petition, holding that Schleining was not eligible for GCT credit under § 3624(b) for time served in state custody on state charges *before* he was sentenced in federal court. Schleining timely appealed.

**Standard of Review and Jurisdiction**

This court has jurisdiction to review a district court's denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2253(a). This court reviews the district court's denial of the habeas petition de novo. *Jonah R. v. Carmona*, 446 F.3d 1000, 1003 (9th Cir. 2006). We also review questions of statutory construction de novo. *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1131 (9th Cir. 2009). *Chevron* deference to an agency's interpretation of an ambiguous statute applies only if the agency involved has formally interpreted the statute or promulgated a rule based on an implicit interpretation of the statute. *Gonzalez v. Oregon*, 546 U.S. 243, 258 (2006). Here, the BOP has not formally interpreted the relevant statutes with regard to the issue at hand, nor has it promulgated rules addressing the question. Therefore, this court performs the statutory analysis de novo without any deference to the BOP's interpretation.

**Analysis**

**I.   GCT credit under 18 U.S.C. § 3624(b)(1)**

**[1]** 18 U.S.C. § 3624(b)(1) grants the BOP authority to give a prisoner serving a federal sentence up to 54 days of credit on his sentence each year if the BOP determines the prisoner displayed exemplary compliance with institutional

disciplinary regulations. Both parties stipulate that prisoners housed in federal prison *after* being sentenced in federal court are eligible for such GCT credit. Further, the BOP's own regulations allow prisoners serving concurrent state-federal sentences *in state prison* to accrue GCT credit toward their federal sentence *after* their federal sentence has been imposed.[4] The sole question for review is whether a federal prisoner may receive GCT credit for time he served in state prison—discharging a state sentence—*before* he was sentenced in federal court.

**[2]** Section 3624(b)(1) provides that the BOP's calculation of GCT credit shall occur "at the end of each year of the prisoner's term of imprisonment." Thus, the BOP lacks authority to grant GCT credit until the prisoner has served at least one year of his term of imprisonment.[5] In other words, GCT can accrue only on the time a prisoner has actually served on his federal sentence. *See Barber*, 130 S. Ct. at 2506-07. Under 18 U.S.C. § 3585, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." This court has not addressed the

---

[4]The BOP's 2003 Program Statement for "Designation of State Institution for Service of Federal Sentence" provides that federal prisoners serving time in state prison *after* their concurrent federal sentence has been imposed enjoy a presumption that they will receive the maximum 54 days per year of GCT credit unless the state prison provides documentation of behavior which warrants disallowance of that credit.

[5]The statute includes an exception to this rule for sentences where the actual time served will be less than one year (e.g. a sentence of a "year and a day"). *See* § 3624(b)(1) ("[C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."); *see also Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267-68 (9th Cir. 2001) (discussing the proration rule as applied to a sentence of a "year and a day"). In such circumstances, the BOP has the authority to prorate "within the last six weeks of the sentence" the GCT credit for the last year based on the time served. *See* § 3624(b)(1).

issue of when such a federal sentence commences for a prisoner already serving time in state prison on related charges. Therefore, we look to our sister circuits for guidance.

**[3]** The other circuits to address the question (the Second and Fifth) have established a bright line rule: a federal sentence cannot be "backdated" so as to commence before the district court imposed the federal sentence.[6] *See Gonzalez*, 192 F.3d at 355; *Flores*, 616 F.2d at 841; *see also Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998) (noting that prisoner's federal sentence did not begin until his arrival, after sentencing, at the detention facility designated by the BOP).[7]

For example, in *Flores*, the defendant (Flores) was convicted of three federal drug offenses on February 12, 1976, and was sentenced to three concurrent ten-year sentences. 616 F.2d at 841. Flores later pleaded guilty to another federal drug charge, and on December 13, 1976 was sentenced to ten years

---

[6]Section 3585(b), under which the BOP must give a defendant "credit toward the service of a term of imprisonment" for certain time "spent in official detention prior to the date the sentence commences," does not run afoul of this rule, because the allowance of a "credit" on a sentence is not equivalent to an alteration of the commencement date of the sentence. In fact, the application of § 3585(b) depends on § 3585(a)'s definition of when a sentence "commences."

[7]This interpretation of § 3585 and § 3624 has also been adopted by the majority of the district courts to address this issue. *See, e.g.*, *Hickman v. United States*, 2006 WL 20489, at *2 (S.D.N.Y. Jan. 4, 2006) (holding that § 3624 "makes clear that the sentence that is potentially subject to credit for good time served is the sentence the prisoner is currently serving—i.e., the federal sentence [which] 'commences on the date the defendant is received in custody' "); *Montalvo v. United States*, 174 F. Supp. 2d 10, 12-15 (S.D.N.Y. Oct. 29, 2001) (rejecting "federal good time credit for time spent in state custody [on a state sentence], before [the prisoner's] federal sentence began," where the federal sentence was reduced under Guidelines section 5G1.3(c) and application note to section 5G1.3(b)); *see also Green v. United States*, 2009 WL 2982864 (N.D. Ohio Sept. 11, 2009); *Divito v. Wells*, 2009 WL 2920847 (S.D. Ga. Sept. 8, 2009); *but see Lopez v. Terrell*, 697 F. Supp. 2d 549 (S.D.N.Y. 2010); *Kelly v. Daniels*, 469 F. Supp. 2d 903 (D. Or. 2007).

in prison "to run concurrently with the sentence imposed (in the first case[s])." *Id.* Flores then brought a motion to vacate his guilty plea claiming the prosecutor had told Flores that his second sentence would be backdated to the beginning of his first sentence such that he "*would not* have to do one more day than he already had [to do under the first sentence]." *Id.* (internal quotation marks omitted). The district court denied Flores' motion to vacate, and the Fifth Circuit affirmed. *Id.* Most notably for the instant case, the panel held that Flores' first and second sentences "could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Id.* (citing *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972)). What was true with regard to a prior *federal* sentence in *Flores* is even more persuasive with regard to a prior *state* sentence, as here.[8]

[4] Because a prisoner can receive GCT credit only on time served on his federal sentence, and his federal sentence

---

[8]Schleining contends, without citation to authority, that the "anti-backdating" rule from *Gonzalez* and *Flores* should not apply where a federal judge pronounces a federal sentence to run concurrently with a partially discharged state sentence. Under his logic, the federal and state sentences "merge" so that the time previously served in state prison can be considered in calculating GCT credit. However, we reject this argument as simply a variation of that made, and dismissed, in *Gonzalez* and *Flores*. Although a district judge has discretion under U.S.S.G. § 5G1.3 to consider the defendant's past state incarceration on related charges in determining an appropriate sentence, any concurrent sentence he issues is entirely prospective. Here, for example, Judge Molloy acknowledged Schleining's prior service of 21 months in state custody for a related crime, subtracted 21 months from the Guidelines' upper range of 115 months, and sentenced Schleining to 94 months, to be served concurrently *with the remainder of his state sentence*. *Gonzalez* and *Flores* make clear that the court cannot "backdate" a federal sentence to make it concurrent with a prior term of state imprisonment; it can make a federal sentence concurrent only with a state sentence from the date of imposition forward. Because we adopt the rule that concurrency applies only prospectively, Schleining's contention is unavailing.

does not "commence" until after he has been sentenced in federal court, Schleining is not eligible for GCT credit for the 21 months he spent in state custody—serving a state sentence—before imposition of his federal sentence. This holding not only tracks the language of § 3585(a) and § 3624(b)(1); it also makes practical sense. Once a federal defendant is sentenced to a concurrent state-federal sentence, the BOP is on notice of its responsibility either to house the prisoner itself or to monitor his continued incarceration in state prison. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ."); § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . whether maintained by the Federal Government or otherwise . . . ."). At this point, the BOP can monitor the prisoner's behavior, regardless where he is housed, and determine what GCT credit is warranted each year.

Under a contrary rule, a state prisoner could be considered to have begun serving his federal sentence months or years before a federal grand jury even indicted him on federal charges or he entered the BOP's custody—as was the case here.[9] Such a rule would pose significant administrative difficulties for the BOP, which would be forced to award GCT credit to prisoners for a period of time when the BOP might have been unaware of the prisoner's existence or behavior and unable to monitor the prisoner or the state prison in which he was housed.

Nor does this court's decision in *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995), compel a contrary result. In *Drake*, the defendant pleaded guilty in federal district court to being a felon in possession of a firearm, with his sentence to run

---

[9]Schleining was sentenced for the state law burglary conviction on November 12, 2003, but was not indicted by a federal grand jury on the felon-in-possession charge until June 2, 2004.

concurrent to a previous state sentence for armed robbery in which the firearm had been used. *Id*. at 1439. The district court, increasing Drake's offense level by four points because of the state robbery charge, found that an appropriate sentence would be 188 months. *Id*. Drake contended that the district court should give him credit under U.S.S.G. § 5G1.3 for the 12 months he had already served in state court on the armed robbery charge and sentence him to 176 months. *Id*. The district court held it was without discretion to depart below a 180 month mandatory minimum, and so sentenced Drake to 188 months. *Id*. This court vacated the sentence and remanded. *Id*. at 1441.

In its narrowly-worded holding, this court held that where a prior state charge had been taken into account to determine the offense level for the federal charge, the time the defendant served in state prison on the state charge can be "credit[ed]" against his statutory minimum sentence under 18 U.S.C. § 924(e)(1). *Id*. We reasoned that we were obliged to construe § 924(e)(1) in this manner based on our "analysis of the relation between the concurrent sentencing statutes and the statutory mandatory minimums." *Id*. at 1440. This analysis is entirely inapplicable to our case, which requires us to consider the relationship between § 3585(a), which defines when a federal sentence "commences," and § 3624(b), which authorizes the BOP to award GCT credit to federal prisoners in certain circumstances, rather than the relationship between concurrent sentencing and a statutory mandatory minimum as in *Drake*. *Drake* is distinguishable from this case on factual grounds as well. First, Schleining presents no evidence as to the critical factor in *Drake*—that the district court considered Schleining's underlying state conviction in enhancing his criminality or criminal history under the Sentencing Guidelines. Second, *Drake* dealt with a version of § 5G1.3 that has subsequently been amended four times, and the language the panel relied on in *Drake* has now been removed. Third, this case does not present a need to "harmonize" conflicting sections of the Sentencing Guidelines, as this court felt inclined

to do in *Drake*—a case decided 10 years before *United States v. Booker* restored sentencing discretion to district court judges.

Because *Drake* did not purport to interpret either § 3585(a) or § 3624(b), it does not counsel against following the well-reasoned opinions of our sister circuits on these matters of statutory interpretation.

## Conclusion

**[5]** For the foregoing reasons, we affirm the district court's denial of Schleining's petition for writ of habeas corpus. Because a prisoner can receive GCT credit under 18 U.S.C. § 3624(b) only on time he has served on his federal sentence, and his federal sentence does not begin under 18 U.S.C. § 3585 until he has been sentenced in federal court, Schleining is not eligible for GCT credit for the 21 months he spent in state custody—serving a state sentence—before imposition of his federal sentence on July 8, 2005, notwithstanding the district court's statement that Schleining's federal sentence was to be served concurrent to his unfinished state sentence. Thus, the BOP's calculation of Schleining's GCT credit and of his expected release date must be upheld.

**AFFIRMED.**