Judge REINHARDT dissented because he would hold that Weiland qualified for the exception in § 44729(e)(1)(A).
OPINION
MOTZ, Senior District Judge:
This case involves a difficult question of statutory construction that may currently apply only to a class of one. Although somewhat uncomfortable with the conclusion we reach, we hold that Plaintiff Henry Weiland, who turned 60 six days before the FAA’s Age 60 Rule was abrogated by the Fair Treatment for Experienced Pilots Act (“FTEPA”), does not qualify for one of the FTEPA’s exceptions to non-retroactivity. The district court reached the same result, and its decision is affirmed.
I.
Until December 13, 2007, airline pilots at air carriers operating under 14 C.F.R. § 121.1(a) (“Part 121 air carriers”) were subject to the FAA’s Age 60 Rule. See 14 C.F.R. § 121.383(c) (2007). That rule required Part 121 air carriers to cease scheduling pilots from operating aircraft when they turned 60. On December 13, 2007 the FTEPA was enacted and abrogated the Age 60 Rule, delaying the age at which pilots must cease flying from 60 to 65. See 49 U.S.C. §§ 44729(a), (d). The FTEPA is explicitly non-retroactive, excluding any “person who has attained 60 years of age before the date of enactment of this section” from serving “as a pilot for an air carrier engaged in covered operations” unless the “person” qualifies for one of two exceptions. Only the first exception is at issue in this appeal; it reads:
(A) such person is in the employment of that air carrier in such operations on such date of enactment as a required flight deck crew member;
Id. § 44729(e)(1)(A). The FTEPA also contains a “protection for compliance” provision that immunizes Part 121 air carriers from liability for actions taken in conformance with the FTEPA or the prior Age 60 Rule. Id. § 44729(e)(2).
Weiland was a check airman when he turned 60 on December 7, 2007. American’s Collective Bargaining Agreement (“CBA”) defined a check airman “as a pilot who is on Check Airman salary for the month.” As pleaded in his complaint, Wei-land’s duties as a joint check airman/pilot included evaluating pilots in land-based simulators and in the air during cockpit “line checks,” and piloting aircraft.
The Age 60 Rule was in effect on December 7 when Weiland turned 60 and *1114 American ceased scheduling him for active duty. Weiland requested to be reinstated in lieu of the FTEPA, and received a response from American on December 24, 2007. American explained that it interpreted § 44729(e)(1)(A) to not apply to Weiland, and accordingly he would remain “inactive” and be retired on his “Normal Retirement Date” pursuant to the Retirement Plan — January 1, 2008. Weiland filed a charge of discrimination with the California Department of Fair Employment and Housing (“DFEH”) on December 23, 2008, and filed a complaint in the U.S. District Court for the Central District of California on September 27, 2010. The district court below granted American’s motion to dismiss on February 18, 2011, which Weiland timely appealed. We have jurisdiction under 28 U.S.C. § 1291.
II.
We review de novo the district court’s granting of a motion to dismiss for failure to state a claim. See Balistreri v. Pacifica Police Dep’t, 901 F.2d 696, 699 (9th Cir. 1988). “We accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmov-ing party.” Zadrozny v. Bank of New York Mellon, 720 F.3d 1163, 1167 (9th Cir.2013) (internal citation omitted).
nr.
Weiland’s claims for relief depend on qualifying for.the (e)(1)(A) exception to the FTEPA’s non-retroactivity clause.[1] The exception can be divided into three elements: (1) “in the employment of that air carrier,” (2) “in such operations,” and (3) “as a required flight deck crew member.” These terms are undefined in the statute, and there is no legislative history shedding light on their meaning. We therefore must interpret the statutory language in a vacuum. We find that while Weiland was employed by American, he was not employed “in such operations” and was not a “required flight deck crew member.”
Weiland’s complaint does plausibly plead that he was “in the employment of’ American on December 13. Although undefined by the FTEPA, the plain meaning of “employment” is commonly understood as receiving compensation in return for work. Here, Weiland was employed by American on December 13 as án inactive check airman/pilot. American did not terminate Weiland’s employment on December 7; it only ceased scheduling him for check airman and pilot duties pursuant to the FAA’s Age 60 Rule then in effect. His retirement date was not until January 1, 2008 pursuant to American’s policy. The record is unclear when Weiland received his final paycheck, but we note that the California Unemployment Insurance Appeals Board found Weiland’s “end of employment date” was after December 24, 2007 for purposes of calculating his unemployment insurance. That finding provides further support for concluding that Weiland was employed by American on December 13. Moreover, presumably he continued to be eligible for employee benefits provided by American.
Section 44729(e)(1)(A) does not simply say, however, that a person must be “in the employment” of an air carrier on the date of the enactment of the FTEPA in order to qualify for the exception to non-retroactivity. It says that the person must be “in the employment of that air carrier in such operations.” (emphasis added). “Such operations” réfers back to the language “covered operations” used in § 44729(e)(1), and “covered operations,” in turn, is defined in § 44729(b) as “operations under part 121 of title 14, Code of *1115 Federal Regulations.” Weiland could not have been lawfully engaged in any such operations on December 13, 2007 — the effective date of the FTEPA — because he was ineligible to do so under the FAA’s Age 60 Rule when he turned 60 on December 7. On December 13, 2007, he was employed by American as an inactive check airman.
Likewise, it cannot be said that Weiland was “a required flight deck crew member” on December 13, 2007. As a pilot and check crew airman, he certainly fell in the class of “required flight deck crew member.” See Emory v. United Air Lines, Inc., 720 F.3d 915, 926 n. 17 (D.C.Cir.2013) (“Pity the passengers on a plane with an ‘optional’ pilot.”). But, by virtue of the FAA’s Age 60 Rule in effect when he turned 60 on December 7, 2007, Weiland also fell within a subclass that was excluded from the general class of “required flight deck crew member.” Not only was he not a “required flight deck crew member,” he was, as of December 7, 2007, prohibited from being a “flight deck crew member.” That was the holding of the district court, and albeit reluctantly, we believe the district court was correct.[2]
IV.
Because Weiland did not qualify for an exception to the FTEPA’s non-retroactivity, its abrogation of the FAA’s Age 60 Rule is inapplicable to Weiland, who turned 60 on December 7, 2007. American acted “in conformance” with both the Age 60 Rule and the FTEPA when each was in effect, thereby immunizing American from any civil liability. See 49 U.S.C. § 44729(e)(2) (the FTEPA’s “protection for compliance” provision). Accordingly, Weiland cannot recover on his claims under California’s FEHA.[3]
AFFIRMED.

. Weiland did not seek to qualify for the (e)(1)(B) exception, which applies to pilots who are "newly hired.” and forgo their accrued seniority.

. It is fair to ask to whom Section 44729(e)(1)(A) applies, if our interpretation is correct. There are two answers. First, the section would appear to apply to pilots who turned 60 on December 13, 2007. Second, under at least one collective bargaining agreement, check airmen who did not have to be active pilots were "required flight deck crew members.” See Brooks v. Air Line Pilots Ass’n, Intern., 630 F.Supp.2d 52, 54 (D.D.C. 2009) (upholding Continental’s decision to allow its check airmen who did not fly aircraft to qualify under § 44729(e)(1)(A)).

. Because we hold that Weiland did not qualify for .the (e)(1)(A) exception, we need not address the final issue on appeal of whether . his charge to the California DFEH on December 23, 2008 was timely filed.