**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LINDELL BROWN, | No. 13-17357 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-00763-DTF |
| v. | |
| CRAIG APKER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding

Submitted July 7, 2016[**]
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and ANELLO,[***] District Judge.

Federal inmate Lindell Brown appeals the district court's denial of his 28 U.S.C.

§ 2241 habeas petition, which challenges the calculation of his sentence. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011).

Brown is not entitled to credit toward his federal sentence for time served in state custody prior to the imposition of his federal sentence. The federal court imposed the sentence on November 14, 2008, to be served concurrently with the previously imposed state sentence, and the Bureau of Prisons designated the state facility for service of the federal sentence under 18 U.S.C. § 3621(b) *nunc pro tunc* to that date. Therefore, the sentence commenced on November 14, 2008 (while Brown was still serving time in a Michigan state prison) and could not be backdated prior to its commencement. *See* 18 U.S.C. § 3585(a); *Schleining*, 642 F.3d at 1247-48. Moreover, pursuant to 18 U.S.C. § 3585(b)[1], because the time Brown spent in custody before his federal sentence was

[1]Section 3585(b) provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

2

imposed was credited to the state sentence, he is not entitled to any additional credit. *See United States v. Wilson*, 503 U.S. 329, 337 (1992).

Nor was the Bureau of Prisons required to contact the sentencing judge to calculate credit. The Bureau of Prisons has the exclusive authority to award credit, and it is not bound by the sentencing judge's recommendation. *Id.* at 333-34; *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam).

Finally, the record does not support Brown's claim that the sentencing court adjusted his sentence pursuant to Sentencing Guideline § 5G1.3. United States Sentencing Commission, *Guidelines Manual*, § 5G1.3 (Nov. 2008). In Brown's direct appeal, the Sixth Circuit held that Brown was ineligible for an adjustment under § 5G1.3(b), *United States v. Brown*, 417 Fed. Appx. 488, 493-94 (6th Cir. 2011), and there is no evidence in the record that the sentencing court concluded that Brown's case was "an extraordinary case" that would warrant a downward departure under § 5G1.3(c). *Id.* § 5G1.3 cmt. n. 3(E).

**AFFIRMED**.