NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEVERLY BURTON, on behalf of herself and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendant-Appellee. | No.   14-56721<br><br>D.C. No.<br>2:13-cv-09078-BRO-SS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 6, 2016
Pasadena, California

Before: REINHARDT, OWENS, and FRIEDLAND, Circuit Judges.

Appellant Beverly Burton, on behalf of herself and a potential class of

California life insurance beneficiaries, appeals from the district court's judgment in

favor of the Prudential Life Insurance Company of America ("Prudential") under

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Federal Rule of Civil Procedure 12(b)(6). As the parties are familiar with the facts, we do not recount them here. We review de novo both questions of statutory interpretation, *Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011), and dismissals for failure to state a claim under Rule 12(b)(6), *Weiland v. Am. Airlines, Inc.*, 778 F.3d 1112, 1114 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

**1.** The district court correctly interpreted California Insurance Code § 10172.5(a) as requiring insurers to pay at least the same interest rate that they paid to their depositors during the period in which the life insurance benefits were past due. Burton contends that § 10172.5(a) requires insurers to pay the interest rate in effect on the date of an insured's death. Prudential argues that the district court correctly interpreted the statute or, alternatively, that the statute requires insurers to pay the interest rate in effect at the time that the insurer pays the past due benefits. We conclude that the text is susceptible to all of these interpretations. Because the plain meaning of the text is ambiguous, we turn to "extrinsic aids, including the ostensible objects to be achieved and the legislative history[.]"[1] *People v. Cole*, 135 P.3d 669, 675 (Cal. 2006).

---

[1] We grant Burton's motion for judicial notice as to the additional legislative history of § 10172.5(a), but deny it as to Prudential's answer to Interrogatory 3

The legislative history makes clear that the purpose of § 10172.5(a) was to "provide a disincentive to a practice of some insurance companies of intentionally withholding proceeds from beneficiaries." (Letter from Assemblyman Alan Sieroty to Governor Edmund G. Brown, dated Sep. 11, 1975). Either fixed rate interpretation advanced by the parties—whether fixed at the time of the insured's death, or at the time of payment—could incentivize insurers to delay payment under certain circumstances, undermining the purpose of the statute. By contrast, the district court's interpretation consistently disincentivizes insurers from delaying payment of past due benefits.

Accordingly, we conclude that the district court's interpretation best accords with both the plain language of the statute and its purpose. *See In Re Reeves*, 110 P.3d 1218, 1221 (Cal. 2005).

**2.** However, the district court erred in holding that Burton did not plausibly allege a violation of § 10172.5(a). As discussed above, § 10172.5(a) requires Prudential to pay interest at a rate not less than the deposit rate paid on claimed benefits during the period that benefits were past due, which in Burton's case spans from 1981 to 2013.

---

because this answer is not a proper subject of judicial notice under Fed. R. Evid. 201(b).

3

In her First Amended Complaint, Burton alleges that (1) Prudential misrepresented that it paid a 2.5% interest rate, (2) Prudential paid interest at the fixed deposit rate in effect in 2013, and (3) Prudential refused to answer follow-up questions regarding its interest calculation. Those allegations plausibly state a claim that Prudential did not pay a rate at least equal to that paid to depositors from 1981 to 2013.[2]

Moreover, Prudential is the only party with knowledge of the deposit rates that it paid from 1981 to 2013. Burton has no ability to verify whether the 2.5% rate Prudential originally claimed to have paid (or whatever rate it actually paid) accurately reflects those deposit rates. *See Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (noting that even in cases where fraud is alleged, the pleading requirement is relaxed "where the relevant facts are known only to the defendant").

Under these circumstances, Burton has sufficiently pled that Prudential did not pay the required interest rate under § 10172.5(a) for each time interest accrued.[3] Accordingly, the district court erred in dismissing Counts One and Three.

---

[2] On appeal, Prudential argues that it paid interest at a 5.18% rate. But even if this argument could affect our analysis of whether the complaint itself states a claim, Prudential has never contended that the 5.18% rate is at least equal to the fluctuating deposit rate that it paid its depositors from 1981 to 2013.

[3] Because it was not properly raised before the district court, we do not consider

4

**3.** The district court also erred in dismissing Count Two for breach of the covenant of good faith and fair dealing. Because Burton has plausibly pled a violation of § 10172.5(a), she has alleged that she incurred an economic loss as required to maintain an action for breach of the covenant of good faith and fair dealing. *See Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.*, 31 Cal. Rptr. 3d 43, 57 (Ct. App. 2005).

**REVERSED AND REMANDED.**

---

Prudential's argument that Burton is not entitled to interest under § 10172.5(a) on the basis that Prudential never failed or refused to pay Burton's claim. *See Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).