**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ENRIQUE MEDINA AGUILAR, | No. 18-55583 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-01624-CAS-AS |
| v. | |
| CYNTHIA ENTZEL, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Federal prisoner Jose Enrique Medina Aguilar appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Tablada v. Thomas,* 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aguilar contends that the Bureau of Prisons ("BOP") incorrectly calculated the end date of the 38-month sentence for his 2012 illegal reentry conviction, and the start date of the 120-month sentence for his 2014 drug conviction, which he is currently serving. This latter sentence was ordered to run concurrently to any "undischarged" portion of his illegal reentry sentence.

The BOP correctly determined that Aguilar's illegal reentry sentence concluded on July 25, 2014, taking account of the date on which the court imposed the sentence, credit for time served, and good time credit. The BOP also correctly determined that his current sentence started on November 3, 2014, the date on which it was imposed. *See Schleining v. Thomas,* 642 F.3d 1242, 1244 (9th Cir. 2011) (holding that a federal sentence cannot commence until a prisoner is sentenced in federal district court). Because Aguilar's illegal reentry sentence was fully discharged when the district court imposed his current sentence, his current sentence could not run concurrent to his illegal reentry sentence. *See id.*

To the extent Aguilar is contending that he should receive additional custody credit for his current sentence, he is not entitled to relief. The record shows that his time spent in pretrial detention was credited toward his illegal reentry sentence, and therefore that time cannot be credited towards his current sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992).

**AFFIRMED.**

18-55583