**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID EDMOND TRINE, | No. 18-35712 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-00020-AA |
| v. | |
| JOSIAS SALAZAR, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Federal prisoner David Edmond Trine appeals pro se from the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the calculation of his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Trine claims that he is entitled to credit toward his federal sentence for time served prior to the imposition of his federal sentence. Reviewing de novo, *see Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011), we conclude that this claim fails. The federal court imposed Trine's sentence on January 22, 2014, to be served concurrently with his previously imposed state sentences. The Bureau of Prisons designated the state facility for service of the federal sentence under 18 U.S.C. § 3621(b) *nunc pro tunc* to that date. Therefore, Trine's sentence commenced on January 22, 2014, and it cannot be backdated prior to its commencement. *See* 18 U.S.C. § 3585(a); *Schleining*, 642 F.3d at 1247-48. Moreover, because the time that Trine seeks to credit to his federal sentence was credited to his state sentences, he is not entitled to any additional credit for time served. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992). Furthermore, contrary to Trine's contentions, the Bureau of Prisons had no cause to contact the federal sentencing court, *see United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006), and there is no conflict between the written judgment and the oral pronouncement of his federal sentence.

**AFFIRMED.**

18-35712