**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERBER MARTIN SILVAS-RODRIGUEZ,<br><br>Petitioner-Appellant,<br><br>v.<br><br>CRAIG APKER,<br><br>Respondent-Appellee. | No. 19-15153<br><br>D.C. No. 1:18-cv-00620-SKO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted August 19, 2019[***]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Federal prisoner Herber Martin Silvas-Rodriguez appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a section 2241 petition, *see Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011), and we affirm.

Silvas-Rodriguez was arrested by state authorities on May 21, 2012, to face state charges. On February 5, 2013, he was transferred to federal custody to face federal charges pursuant to a writ of habeas corpus ad prosequendum. After the federal court imposed his sentence on January 9, 2014, Silvas-Rodriguez was returned to state custody on January 28, 2014. Silvas-Rodriguez argues that he should receive credit towards his federal sentence for the time period that he was in federal custody between February 2013 and January 2014. Contrary to his argument, however, the record reflects that Silvas-Rodriguez remained in primary state custody during this time period. *See id.* at 1243 n.1. Moreover, because Silvas-Rodriguez received credit against his state sentence for this time period, he is not entitled to any additional federal credit. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (defendant may not receive "double credit for his detention time"). Finally, Silvas-Rodriguez's federal sentence commenced on June 9, 2014, the date he was taken into federal custody to commence service of his federal sentence. *See* 18 U.S.C. § 3585(a). Contrary to Silvas-Rodriguez's contention, his federal sentence cannot be backdated prior to this date. *See Schleining*, 642 F.3d at 1247-48.

19-15153

In light of this disposition, we do not reach the parties' remaining arguments.

Appellee's request for judicial notice is granted.

**AFFIRMED.**