NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN CHRISTOPHER CHANEY, | No. 19-16002 |
| Petitioner-Appellant, | D.C. No. 4:19-cv-00033-RCC-EJM |
| v. | |
| UNITED STATES PENITENTIARY, TUCSON, named as USP-Tucson; UNKNOWN PARTY, named as Warden, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 18, 2019**

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner Steven Christopher Chaney appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Schleining v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011), and we affirm.

Chaney's section 2241 petition argued that his guilty plea in federal court was conditioned on the promise of a concurrent state sentence. He argued that, therefore, the district court should compel the Bureau of Prisons ("BOP") to facilitate wholly concurrent state and federal sentences by granting a nunc pro tunc designation of the state facility as the official detention facility for service of his federal sentence. The district court properly denied relief because, as the Eastern District of Kentucky has repeatedly concluded, Chaney is not entitled to relief.[1] The record reflects that Chaney received the agreed-upon concurrent sentence in state court. The BOP could not grant him any additional federal credit for time served after his state court conviction because that time was credited to his state sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (defendant may not receive "double credit for his detention time"). Moreover, Chaney's federal sentence did not commence until April 2012, when he was taken into federal custody to commence service of his federal sentence, *see* 18 U.S.C. § 3585(a), and it cannot be backdated to a time prior to this date. *See Schleining*, 642 F.3d at 1247-48.

**AFFIRMED.**

---

[1] "[W]e may affirm on any basis supported by the record, whether or not relied upon by the district court." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015).