NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHELBY LAMAR CALMESE,<br><br>　　　　　　Petitioner-Appellant,<br><br>　v.<br><br>S. YOUNG,<br><br>　　　　　　Respondent-Appellee. | No. 20-15155<br><br>D.C. No. 1:19-cv-00798-LJO-SKO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 17, 2021**

Before:　　FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Federal prisoner Khelby Lamar Calmese appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Thomas v. Brewer*,

923 F.2d 1361, 1364 (9th Cir. 1991), and we affirm.

---

\*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Calmese contends that he is entitled to credit towards his federal sentence for the time period between March 2016 and April 2017. Although Calmese's earliest possible release date from state custody was March 25, 2016, the parole board denied early release and required him to serve the maximum parole sentence with a projected release date of June 22, 2017. Calmese, therefore, did not begin serving his federal sentence until April 27, 2017, when he obtained early release from his state sentence for good conduct. *See* 18 U.S.C. § 3585(a). The time Calmese spent in federal custody pursuant to a writ of habeas corpus ad prosequendum prior to that date did not interrupt the state's primary jurisdiction over him. *See Schleining v. Thomas*, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011) (temporary transfer of state prisoner to federal custody pursuant to a writ of habeas corpus ad prosequendum does not interrupt the state's primary jurisdiction over the prisoner). Moreover, because Calmese received credit against his state parole revocation sentence for this time period, he is not entitled to any additional federal credit. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (defendant may not "receive a double credit for his detention time").

All pending motions are denied.

**AFFIRMED.**