**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

FRANCES ENYART, individually, and as
Successor in Interest to William Enyart;
GREGORY ENYART, as an individual; A.
E., a minor by and through her guardian ad
litem, Amanda Kelley,

      Plaintiffs - Appellees,

  v.

COUNTY OF SAN BERNARDINO,

      Defendant - Appellant,

and

AARON CONLEY, Deputy C.
UMPHLETT, ROD SKAGGS, Deputy
SNOW, DOES 1-10, inclusive,

      Defendants.

No. 24-6083

D.C. No.
5:23-cv-00540-RGK-SHK

MEMORANDUM*

---

FRANCES ENYART; GREGORY
ENYART; A. E.,

      Plaintiffs - Appellees,

  v.

No. 25-289

D.C. No.
5:23-cv-00540-RGK-SHK

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

AARON CONLEY, C. UMPHLETT, ROD SKAGGS, SNOW, DOES 1-10,

        Defendants,

and

COUNTY OF SAN BERNARDINO,

        Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 4, 2025
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Frances Enyart, Gregory Enyart, and A.E., a minor, sued San Bernardino County and several county employees under 42 U.S.C. § 1983 after William Enyart's death while in county custody due to alcohol withdrawal. A jury returned a verdict in favor of the Plaintiffs. The County appeals the district court's denial of its Rule 50 motions for judgment as a matter of law, the judgment, and the fee award. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rule 50(a)'s text requires that a motion for judgment as a matter of law be first brought "*before* the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2) (emphasis added). This did not occur here. The County first moved for judgment as a matter of law *after* the case had been submitted to the jury.

The County asks us to excuse its failure, pointing to the district court's earlier statement "that both sides can reserve that request to make a motion at the end of the case" and its setting of a briefing schedule for Rule 50 motions. While the district court's statement may have been somewhat confusing, the County still had a duty to move for judgment as a matter of law before the case was submitted to the jury under Rule 50's text and our caselaw. *Tortu v. L.V. Metro. Police Dep't*, 556 F.3d 1075, 1082 (9th Cir. 2009) ("[W]e strictly construe the procedural requirement of filing a Rule 50(a) motion before filing a Rule 50(b) motion."); *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).[1] Neither the district court nor a party can countermand the clear text of the Federal Rules of Civil Procedure. *See Tortu*, 556 F.3d at 1082–83; Fed. R. Civ. P. 83(b); *Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016).

This strict requirement advances Rule 50's underlying policy. "The earlier motion [under Rule 50(a)] informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available." Fed. R. Civ. P. 50(b) advisory committee's note to 2006 amendment. In other words, the purpose of the requirement is to discourage

---

[1] Although we have previously explained that, in limited circumstances, "Rule 50(b) 'may be satisfied by an ambiguous or inartfully made motion' under Rule 50(a)," *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989)), it is axiomatic that "passive conduct does not qualify" as a "motion" of any sort. *United States v. Finazzo*, 841 F.3d 816, 818 (9th Cir. 2016).

sandbagging—remaining silent about the deficiency until it is too late to correct except by way of a new trial. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1032–34, 1037 (9th Cir. 2003); *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1429 (9th Cir. 1986). Once the opportunity to cure passes, so too does the opportunity to object. *Cf. Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n.6 (2008) ("[T]he procedures for preserving or waiving issues are part of the machinery by which courts narrow what remains to be decided."). "[N]ot having raised the issue before the matter was submitted to the jury, the [County] cannot complain of a defect in proof for the resulting verdict." *Zhang*, 339 F.3d at 1034.

Because the County forfeited its Rule 50 motion, we do not address the merits of the motion.

**AFFIRMED**.